1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10cr2157 BTM |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS** |
| v. | |
| YOVANI MEDRANO, | |
| Defendant. | |

11
12
13
14
15
16
17

On January 4, 2011, the Court orally denied Defendant's motion for a bill of particulars. Upon further consideration, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

18
19

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the use of a bill of particulars. During oral argument, Defendant's counsel insisted that he was entitled to a bill of particulars revealing the identity of witnesses under Will v. United States, 389 U.S. 90 (1967). In Will, the Supreme Court noted that "it is not uncommon for the Government to be required to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial." 389 U.S. at 99. However, the Supreme Court did not say that a defendant is always or usually entitled to a bill of particulars revealing the identity of potential witnesses and did not delineate the circumstances under which the Government should be required to respond to a bill of particulars. In fact, the Supreme Court in Will did not even reach the question of whether the

20
21
22
23
24
25
26
27
28

1  district court properly ordered the Government to respond to the bill of particulars.  Id. at 95

2  ("Both parties have devoted substantial argument in this Court to the propriety of petitioner's

3  order.  In our view of the case, however, it is unnecessary to reach this question.").  The

4  focus of Will was on whether the Seventh Circuit was justified in invoking the extraordinary

5  remedy of the peremptory writ of mandamus.  Id.

6          The Ninth Circuit explains that the purpose of a bill of particulars is three-fold:

7          [T]o inform the defendant of the nature of the charge against him with sufficient
        precision to enable him to prepare for trial, to avoid or minimize the danger of
8          surprise at the time of trial, and to enable him to plead his acquittal or
        conviction in bar of another prosecution for the same offense when the
9          indictment itself is too vague, and indefinite for such purposes.

10  United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting United States v.

11  Birmley, 529 F.2d 103, 108 (6th Cir. 1976)).  It is within the court's discretion whether to grant

12  of refuse a bill of particulars.  Id.

13          The function of a bill of particulars "is not to provide a defendant with names of

14  government witnesses."  Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963).  A

15  defendant "is not entitled to know all the evidence the government intends to produce, but

16  only the theory of the government's case."  Id.  Full discovery "obviates the need for a bill

17  of particulars."  Giese, 597 F.2d at 1180.

18          In this case, it appears that Defendant has been provided with information that reveals

19  the theory of the Government's case and fully apprises Defendant of the nature of the

20  charges against him.  The Government provided a statement to the defendant that reveals

21  that the only substantive offenses committed during the two alleged conspiracies were the

22  importation and possession of methamphetamine, with intent to distribute, on February 4,

23  2009.  The Government indicated that it was not offering evidence at trial of other substantive

24  criminal offenses.  Thus, while the alleged conspiratorial agreement may have preceded

25  February 4, 2009, and continued thereafter, Defendant is aware of the Government's case.

26  Furthermore, the discovery ordered during the hearings on August 3, 2010, December 22,

27  2010, and January 4, 2011 –  including that required by Fed. R. Crim. P. 16, Brady v.

28  Maryland, 373 U.S. 83 (1963), and Fed. R. Evid. 404(b) – is more than sufficient to enable

Defendant to prepare his defense for trial and avoid surprise.

1       The only clarification that the Court will order the Government to provide is whether

2  the Government is relying on any other overt act that constitutes a substantive criminal

3  offense.   Based on the Government's November 18, 2010 letter, it appears that the

4  Government's case against Defendant is based on the alleged criminal conduct on February

5  4, 2009.   However, in light of the fact that the Indictment alleges that the conspiracy

6  continued up to and including June 2, 2010, the Court orders the Government to specify

7  whether it is relying on any other overt act that constitutes a substantive criminal offense.

8  The Government shall provide this information to Defendant within 7 days of the entry of this

9  Order.

10      In sum, Defendant's multiple requests for information are more akin to interrogatories

11  and are beyond that required by Fed. R. Crim. P. 7(f).  See United States v. Gebauer, 2007

12  WL 1577724, at *1 (W.D. Wash. May 18, 2007) (holding that information sought by

13  Defendant was beyond that required in a bill of particulars and would be better posed as

14  interrogatories). With the exception of the limited information discussed above, Defendant

15  is not entitled to a bill of particulars because Defendant has sufficient information to prepare

16  for trial, to avoid surprises at trial, and to argue double jeopardy in the event of a new

17  prosecution.  Defendant's motion for a bill or particulars is **GRANTED IN PART** and **DENIED**

18  **IN PART**.

19  **IT IS SO ORDERED.**

20

DATED:  January 13, 2011

21

22                  _Barry Ted Moskowitz_

23                  Honorable Barry Ted Moskowitz
United States District Judge

24

25

26

27

28

10cr2157 BTM