

FILED
MAY 26 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>ADRIANA GOMEZ-MARTINEZ, YOVANI MEDRANO, and GUMECINDO MEDRANO,<br><br>　　　　　　　　　　Defendants. | Case No. 10cr2157-BTM<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS INDICTMENT WITH PREJUDICE** |

## I. INTRODUCTION

Defendants Adriana Gomez-Martinez, Yovani Medrano, and Gumecindo Medrano have filed Motions to Dismiss the Indictment with Prejudice. For the reasons discussed below, Defendants' motions are **DENIED**.

## II. BACKGROUND

On February 25, 2011, the Government filed a motion to dismiss, without prejudice, all charges in this case that specifically pertained to defendants Adriana Gomez-Martinez, Yovani Medrano, and Gumecindo Medrano ("Defendants") [Docket No. 118]. On February 28, 2011, the Court held a hearing on the Government's motion. The Court granted the Government's motion, finding good cause after considering the Government's reasons *ex parte* during the hearing [Docket No. 119].

Defendants filed motions to dismiss with prejudice on the ground that the

Government's *ex parte* statement of reasons may not have established good cause for dismissal without prejudice [Docket Nos. 125-129, 131-132]. The Government filed its response and opposition on March 8, 2011 [Docket No. 130]. On March 18, 2011, the Court held a hearing on the Defendants' motions.

As discussed below, the Court does not find the bad faith necessary to reverse its order granting the Government's motion to dismiss without prejudice. Accordingly, Defendants' motions to dismiss with prejudice are denied.

### III. LEGAL STANDARD

Federal Rule of Criminal Procedure 48(a) provides that the government may, with leave of court, dismiss an indictment, information or complaint. Fed. R. Crim. P. 48(a). The Ninth Circuit has explained:

> Before the promulgation of [Rule 48(a)], the common law provided prosecutors unfettered discretion, before empaneling the jury, to enter a *nolle prosequi*, a decision not to prosecute, without first obtaining the court's consent. Because of the concern that prosecutors were abusing this discretion and harassing defendants by indicting, dismissing, and reindicting without triggering the protections of the double jeopardy clause, Rule 48(a) was enacted to provide a check on prosecutorial behavior. Thus, federal prosecutors now must seek "leave of court" to dismiss without prejudice. While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution.

United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988) (internal citations and quotation marks omitted).

A fundamental consideration in assessing the propriety of a prosecutor's Rule 48(a) dismissal motion is whether the motion is made in good faith. Id. If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the motion. Conversely, Rule 48(a) empowers the district court to exercise its discretion in denying the motion when it specifically determines that the government is operating in bad faith. Id. Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges. Id. at 1488. When the government requests a Rule 48(a)

1 | dismissal in good faith, the district court is duty bound to honor the request. Id. If the
2 | district court finds that the government utilized the Rule 48(a) motion in bad faith, the
3 | court may reverse its earlier Rule 48(a) ruling. Id. at 1488-89. In so doing, the court
4 | would then be able to entertain a motion to dismiss with or without prejudice under Rule
5 | 48(b).[1] Id.; see also United States v. Towill, 548 F.2d 1363, 1368 n.4 (9th Cir. 1977); see
6 | also United States v. Simmons, 536 F.2d 827, 833 (9th Cir. 1976).

## IV. DISCUSSION

At the hearing on February 28, 2011, the Government stated that the Court should grant the Government's motion to dismiss without prejudice "in the interest of justice and lack of sufficient evidence." Transcript of Hearing, 4:13-20, Feb. 28, 2011. A mere generalized concern for the public interest is usually not sufficient to support a dismissal. Towill, 548 F.2d at 1370. Public interest concerns are valid only if they are backed by more specific findings of fact. Id. The Government provided a more detailed statement of reasons for its motion to dismiss without prejudice *ex parte* at sidebar during the hearing on February 28, 2011. See United States v. Ammidown, 497 F.2d 615, 620 n.10 (D.C. Cir. 1973) (prosecutor's reasons for Rule 48(a) dismissal may be submitted *in camera*, if necessary to avoid prejudice to the government). That portion of the hearing transcript was sealed. Although the Court cannot disclose the Government's reasons, the Court still finds that the Government was acting in good faith and good cause has been shown. See United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n, Inc., 228 F. Supp. 483, 486 (S.D.N.Y. 1964) (To overcome the government's recommendation of a Rule 48(a) dismissal based on insufficient evidence, it must clearly and convincingly appear that the public interest requires its refusal.).

Defendants provide the Court with several possible reasons that the Government may have offered *ex parte* which would not have been sufficient to justify a Rule 48(a)

---

[1] Rule 48(b) provides that the court may dismiss an indictment if unnecessary delay occurs in bringing a defendant to trial. Fed. R. Crim. P. 48(b). The Court will not further discuss a possible dismissal with prejudice under Rule 48(b) because the Court does not reverse its earlier Rule 48(a) ruling granting dismissal without prejudice.

dismissal, including: (1) an attempt to bypass the denial of a continuance, Hayden, 860 F.2d at 1488-89; (2) an attempt to gain a tactical advantage[2], Palomares, 119 F.3d at 559; (3) trial unpreparedness, United States v. Derr, 726 F.2d 617, 619 (10th Cir. 1984); and (4) a conclusory statement that a superceding indictment would be sought, United States v. Salinas, 693 F.2d 348, 352 (5th Cir. 1983). But the Government did not state any of the possible insufficient reasons provided by Defendants, including those that were provided in their sealed submissions.

## V. CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss the indictment with prejudice is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 26, 2011

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge

---

[2] In their sealed submission, Defendants contend that a dismissal without prejudice may allow the Government to achieve an improper tactical advantage by possibly reindicting them at a time when they may have lost the testimony of certain witnesses. Although dismissal would be improper if motivated by the Government's intention that defense witnesses become unavailable, the Government's proffered reasons do not appear to be a sham and the possible loss of Defendants' evidence would be an incidental, rather than an intended, effect of the dismissal and possible reindictment. See United States v. Wallace, 848 F.2d 1464, 1469 (9th Cir. 1988).